# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN COTE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>BARCLAYS BANK DELAWARE (DBA BARCLAY CARD) and DOES 1 through 100,<br><br>　　　　　　　　　Defendants. | CASE NO. 14cv2370-GPC-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**<br><br>[Dkt. No. 6.]<br><br>**(2) VACATING HEARING DATE** |

## INTRODUCTION

Plaintiff Kristin Cote ("Plaintiff) filed this action against Defendant Barclays Bank Delaware ("Defendant") arising from Defendant's attempts to collect on Plaintiff's credit card debt. Before the Court is Defendant's Motion to Compel Arbitration and Stay Litigation. (Dkt. No. 6.) Plaintiff has filed a statement of non-opposition. (Dkt. No. 8.) The Court finds the matter suitable for resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons set out below, the Court **GRANTS** Defendant's Motion to Compel Arbitration and Stay Litigation.

///

///

# BACKGROUND

In December 2012, Plaintiff applied for a credit card with Defendant. (Dkt. No. 6-1 at 2 ¶ 4.) Defendant approved Plaintiff's application and issued a credit card account to Plaintiff. (*Id.* ¶ 5) Plaintiff defaulted on the account, and alleges that, in attempting to collect this debt, Defendant harassed Plaintiff by frequently calling her on both her cellular and landline telephones, despite Plaintiff's requests to stop. (Dkt. No. 1 at ¶¶ 15-24.)

Defendant provides the Court with evidence of an agreement to arbitrate, contained in the Cardmember Agreement. (Dkt. No. 6-1 at 2 ¶ 5.) Specifically, the arbitration provision of the Cardmember Agreement provides in relevant part:

> **Arbitration**
>
> At the election of either you or us, any claim, dispute or controversy ("Claim") by either you or us against the other, arising from or relating in any way to this Agreement or your Account, or their establishment, or any transaction or activity on your Account, including (without limitation) Claims based on contract, tort (including intentional torts), fraud, agency, negligence, statutory or regulatory provisions or any other source of law and (except as otherwise specifically provided in this Agreement) Claims regarding the applicability of this arbitration provision or the validity of the entire Agreement, shall be resolved exclusively by arbitration.

(*Id.* at 11.)

The arbitration provision also designates the governing law: "This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16." (*Id.*)

The Cardmember Agreement provides that "[b]y signing, keeping, using or otherwise accepting your Card or Account, you agree to the terms and conditions of this Agreement." (*Id.* at 7.)

///

## PROCEDURAL HISTORY

On October 7, 2014, Plaintiff filed this action against Defendant for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and intrusion into her privacy. (Dkt. No. 1.)

On November 13, 2014, Defendant filed the instant Motion to Compel Arbitration and Stay Litigation. (Dkt. No. 6.) On November 24, 2014, Plaintiff filed a statement of non-opposition to Defendant's motion. (Dkt. No. 8.)

## LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA reflects both "a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citations and internal quotation marks omitted). "[Section] 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims, 'in accordance with the terms of the agreement'; and § 4 requires courts to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement. . . ." *Id.* at 1748 (citation omitted).

Thus, "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991).

Under the FAA, the Court's role is "limited to determining (1) whether a valid

1  agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the
2  dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130
3  (9th Cir. 2000). However, the "parties can agree to arbitrate 'gateway' questions of
4  'arbitrability,' such as whether the parties have agreed to arbitrate or whether their
5  agreement covers a particular controversy." *Rent-A-Center, W., Inc. v. Jackson*, 561
6  U.S. 63, 69-70 (2010). "Because such issues would otherwise fall within the province
7  of judicial review, we apply a more rigorous standard in determining whether the
8  parties have agreed to arbitrate the question of arbitrability." *Momot v. Mastro*, 652
9  F.3d 982, 987 (9th Cir. 2011). "Rather than applying 'ordinary state-law principles that
10 govern the formation of contracts' as we would when determining, for example, the
11 scope of a concededly binding contract, the Supreme Court has cautioned that '[c]ourts
12 should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear
13 and unmistakable' evidence that they did so.'" *Id.* at 987-88 (citation omitted).

## DISCUSSION

15 Defendant contends that the parties expressly agreed to arbitrate the threshold
16 issues of the validity and applicability of the arbitration provision, and therefore these
17 issues must be decided by the arbitrator rather than the Court. (Dkt. No. 6 at 8-9.)
18 Defendant relies on the language in the parties' Cardmember Agreement that "Claims
19 regarding the applicability of this arbitration provision or the validity of the entire
20 Agreement, shall be resolved exclusively by arbitration." (Dkt. No. 6-1 at 11.)
21 Plaintiff does not oppose or contest that these threshold issues must be decided by the
22 arbitrator. (Dkt. No. 8.)

23 In *Momot,* the Ninth Circuit held that language in an agreement, delegating to
24 the arbitrator the authority to determine "the validity or application of any provisions
25 of" the arbitration clause, showed that the parties clearly and unmistakably agreed to
26 arbitrate threshold issues concerning the arbitration agreement. *Momot*, 652 F.3d at
27 988. Similarly here, the language in Cardmember Agreement that the "applicability . . .
28 or validity" of the arbitration provision "shall be resolved exclusively by arbitration"

(Dkt. No. 6-1 at 11) shows that the parties agreed to arbitrate threshold issues concerning the validity and applicability of the arbitration provision. *See Momot*, 652 F.3d at 988; *Krause v. Barclays Bank Delaware*, No. 12-cv-1734-MCE-AC, 2013 WL 6145261, at *3-4 (E.D. Cal. Nov. 21, 2013) (determining that the parties had agreed to delegate threshold issues of validity and applicability of the arbitration agreement to the arbitrator).

Thus, in accordance with the parties' contract, the Court must stay the litigation to permit the arbitrator to first arbitrate these threshold issues, and then, if permissible, arbitrate the substantive claims. Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration and Stay Litigation. However, the Court **DENIES** Defendant's request that the Court require Plaintiff to commence arbitration within ninety days, and dismiss Plaintiff's claims with prejudice should Plaintiff fail to do so. (Dkt. No. 6 at 12.)

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Court **GRANTS** Defendant's Motion to Compel Arbitration and Stay Litigation, (Dkt. No. 6);

(2) The Case is **STAYED** pending completion of the arbitration;

(3) Within fourteen (14) days following conclusion of arbitration, Defendant shall **NOTIFY** the Court of such; and

(4) The Court **VACATES** the hearing date set for this matter on January 30, 2015 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED: January 20, 2015

HON. GONZALO P. CURIEL
United States District Judge